**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000020
24-MAY-2023
08:03 AM
Dkt. 60 SO**

NO. CAAP-20-0000020


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


OFF SHORE ART, LLC, a Nevada Limited Liability Company,
Plaintiff-Appellee,
v.
DRINK ENTERPRISES, LLC, a Hawaiʻi Limited Liability Company,
Defendant-Appellant,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10,
Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO.  2CC181000307(2))


<u>SUMMARY DISPOSITION ORDER</u>
(By:  Hiraoka and Nakasone, JJ. with
Leonard, Presiding Judge concurring separately)

Defendant-Appellant Drink Enterprises, LLC (**Drink**)
appeals from the (1) December 12, 2019 Order for Sanctions for
Failure to Appear at Settlement Conference Pursuant to Pretrial
Order, Filed July 1, 2019 (**Order for Sanctions**);[1] (2) December

---

[1] The Order for Sanctions states that:  "due to [Drink]'s failure to follow the Court's Pretrial Order and its party representative's failure to appear at the November 29, 2019, Settlement Conference, the Court hereby

12, 2019 Order Granting [Plaintiff-Appellee Off Shore Art, LLC's (**Off Shore**)] Motion for Partial Summary Judgment, Filed August 20, 2019 (**Order Granting MPSJ**);[2] (3) April 7, 2020 Order Granting in Part and Denying in Part Defendant Drink Enterprises, LLC's Motion to Stay Pending Appeal Pursuant to Rule 62 of the Hawaii Rules of Civil Procedure and to Set Escrow Funds as the Supersedeas Bond While the Case is on Appeal, Filed February 4, 2020 (**Order Setting Bond Amount**); and (4) November 4, 2020 Second Amended Judgment, all filed and entered by the Circuit Court of the Second Circuit (**Circuit Court**).[3]

Drink raises seven points of error on appeal (**POEs 1 through 7**),[4] contending as follows:

[1]. The Trial Court Reversibly Erred by having a non-consensual exparte [sic] settlement conference, when it knew that a party with settlement authority was not present.

[2]. The Trial Court Reversibly Erred by meeting privately with counsel for [Off Shore] for forty-five minutes on a non-consensual ex-parte conference, in which it communicated to [Off Shore] about the merits of the case.

[3]. The Trial Court Reversibly Erred by meeting privately with counsel for [Drink] for five minutes in a non-consensual ex-parte conference and emphasized that if [Drink] did not accept a

---

ordered [Drink], be sanctioned in the amount of Five Thousand Dollars ($5,000) to be paid to the State of Hawaii General Fund."

[2]     The Order Granting MPSJ, *inter alia*, states that Drink's "November 7, 2019, Opposition is stricken as untimely[,]" and for the following reason:

> WHEREAS, on October 4, 2019, [Off Shore]'s Motion was continued to November 15, 2019, pursuant to [Drink]'s motion to continue, filed September 27, 2019. Pursuant to this order, [Drink] was granted leave to oppose [Off Shore]'s Motion by no later than November 1, 2019. On November 7, 2019, [Drink] filed an untimely opposition to the Motion. On November 12, 2019, [Off Shore] filed its reply in support of the Motion.

[3]     The Honorable Peter T. Cahill presided.

[4]     Drink's seven points "A" through "F" are not set forth in "separately <u>numbered</u> paragraphs" as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). (Emphasis added). They have been numbered here.

> $1,000 settlement offer, it would rule against [Drink] in an upcoming hearing on a motion for summary judgment.
>
> [4]. The Trial Court Reversibly Erred when it decided the merits of the case at the settlement conference and came to a determination regarding how it would rule, without having the benefit of hearing argument at the December 6, 2020 [sic] hearing.
>
> [5]. The Trial Court Reversibly Erred by not memorializing the settlement conference in the docket when in fact it required the parties to appear and made substantive rulings at the settlement conference.
>
> [6]. The Trial Court Reversibly Erred on December 6, 2019, when it ruled against [Drink], with a ruling it had previously decided on and communicated to [Drink]'s counsel at the November 29, 2019 settlement conference.
>
> [7]. The Trial Court Reversibly Erred when it set a supersedeas bond that did not subtract the $155,000.00 that [Off Shore] already was paid by the return of the escrow deposit.

For each POE, Drink provides only a one-sentence statement of the alleged error, and does not cite to "where in the record the alleged error[s] occurred" and "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court" as required by HRAP Rule 28(b)(4)(ii) and (iii).

Although we are not obligated to search the record to crystallize Drink's arguments, Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 469 n.16, 164 P.3d 696, 727 n.16 (2007) (citation omitted), and noncompliance with HRAP Rule 28(b) can alone be sufficient to affirm the Circuit Court's judgment, Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 228, 909 P.2d 553, 556 (1995) (citation omitted), we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up). "This is particularly so where the remaining sections of the brief provide the necessary information to identify the party's argument." Id.

POEs 1 through 5 challenge various aspects of the settlement conference as "non-consensual" and "ex-parte," and raise claims of other improprieties at the settlement conference. Drink's general arguments in the brief regarding the settlement conference evidence a basic misunderstanding of circuit court rules and procedure. Former Rule 12.1 of the Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**)[5] provided for settlement conferences and authorized the courts to impose sanctions for violation of the rule. Drink fails to properly support its argument that the Circuit Court committed various improprieties during the settlement conference.[6] These contentions are waived. See HRAP Rule 28(b)(7).

_____

[5] RCCH Rule 12.1(a)(6) (2000), entitled "CIVIL SETTLEMENT CONFERENCE; SETTTLEMENT CONFERENCE STATEMENT; CONFIDENTIAL SETTLEMENT CONFERENCE LETTER," states, in pertinent part,

> (6)Sanctions. The failure of a party or his attorney to appear at a scheduled settlement conference, the neglect of a party or his attorney to discuss or attempt to negotiate a settlement prior to the conference, or the failure of a party to have a person authorized to settle the case present at the conference shall, unless a good cause for such failure or neglect is shown, be deemed an undue interference with orderly procedures. As sanctions, the court may, in its discretion:
>
> (i)Dismiss the action on its own motion, or on the motion of any party or hold a party in default, as the case may be;
>
> (ii)Order a party to pay the opposing party's reasonable expenses and attorneys' fees;
>
> (iii)Order a change in the calendar status of the action;
>
> (iv)Impose any other sanction as may be appropriate.

[6] Drink's statement of the case does not provide required "record references" for the "material facts" for the settlement conference. See HRAP Rule 28(b)(3) (requiring "facts material to consideration of the questions and points presented" on appeal from the record). Nor does Drink's argument contain citations to any "authorities, statutes, and parts of the record relied on" pertaining to the settlement conference. HRAP Rule 28(b)(7). Instead, Drink improperly refers to an "Affidavit" by Drink's counsel describing what occurred at the settlement conference attached to its opening brief. The Affidavit was not made a part of the record below and is not part

As to POE 6, Drink argues that the Circuit Court erred by granting Off Shore's motion for partial summary judgment, but fails to cite the appropriate summary judgment standard or explain how it was incorrectly applied by the Circuit Court. This contention is waived.  See In re Guardianship of Carlsmith, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) (holding that appellate courts may "disregard a particular contention if the appellant makes no discernible argument in support of that position." (cleaned up)); HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

As to POE 7, Drink argues that the Circuit Court abused its discretion when it "set a supersedeas bond that did not subtract the $155,000.00" that Off Shore had received due to the return of the escrow deposit, and that the supersedeas bond "should have been set at an amount that was necessary to cover the awarded attorneys [sic] fees."  However, the Order Setting Bond Amount only included the attorney's fee award, interests, and fees and costs for appeal in the bond amount, and not the principal amount of the judgment.[7]  Drink's argument lacks merit.

---

of the record on appeal, and appears to be appended to Drink's opening brief in violation of HRAP Rules 28(b)(3) and 10(a).  See also Alford v. City & Cnty. of Honolulu, 109 Hawaiʻi 14, 25 n.18, 122 P.3d 809, 820 n.18 (2005) ("References and appendices not part of the record on appeal cannot be considered.  This is a violation of HRAP Rule 10 and such a practice cannot be tolerated.") (cleaned up); Bettencourt, 80 Hawaiʻi at 229 n.2, 909 P.2d at 557 n.2 (holding that matters outside the record on appeal may neither be appended nor referred to in an appellate brief) (citation omitted).

[7]    The Order Setting Bond Amount granted a stay pending appeal on the following conditions of the bond:

    c.  [Drink] shall have thirty (30) days following entry of this order to post a bond in the total amount of $51,710.00 as security for the following amounts:

        i.    $38,750.00 in Attorney's Fees and $1,053.48 in Costs;

5

For the foregoing reasons, we affirm the (1) December 12, 2019 Order for Sanctions for Failure to Appear at Settlement Conference Pursuant to Pretrial Order, Filed July 1, 2019; (2) December 12, 2019 Order Granting Plaintiff-Appellee Off Shore Art, LLC's Motion for Partial Summary Judgment, Filed August 20, 2019; (3) April 7, 2020 Order Granting in Part and Denying in Part Defendant Drink Enterprises, LLC's Motion to Stay Pending Appeal Pursuant to Rule 62 of the Hawaii Rules of Civil Procedure and to Set Escrow Funds as the Supersedeas Bond While the Case is on Appeal, Filed February 4, 2020; and (4) November 4, 2020 Second Amended Judgment, all filed and entered by the Circuit Court of the Second Circuit.

DATED: Honolulu, Hawaiʻi, May 24, 2023.

On the briefs:

Michael J. Collins,
for Defendant-Appellant.

P. Kyle Smith,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

CONCURRING OPINION BY LEONARD, PRESIDING JUDGE

I agree with the analysis of POE 7. I otherwise concur in the result.

DATED: Honolulu, Hawaiʻi, May 24, 2023.

/s/ Katherine G. Leonard
Presiding Judge

---

ii. $7960.70, which is 10% judicial interest for two years for the above award of Attorney's Fees and Costs;

iii. $5,000.00 for anticipated Attorney's Fees and Costs associated with responding to [Drink]'s present appeals.